# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
October 4, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LLOYD A. DUNBAR,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0003**  (BOR Appeal No. 2046008)
(Claim No. 2010120239)

**PATRIOT COAL CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lloyd A. Dunbar, by Michael E. Froble, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated November 28, 2011, in which the Board affirmed an April 27, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 2, 2010, decision denying the reopening of the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Dunbar worked for Patriot Coal Corporation as a shuttle car operator. On December 18, 2009, Mr. Dunbar was operating a shuttle car when he allegedly injured his lower back due to the car hitting a hole and bouncing him. The claim was held compensable for lumbar sprain. On February 16, 2010, Dr. Zahir noted that Mr. Dunbar's lower back pain had improved but was persistent, and that he was totally disabled because of his heart condition and three heart attacks. On July 22, 2010, Dr. Jafary stated that Mr. Dunbar was originally taken off work on December 28, 2009, for the work-related injury, but on January 7, 2010, he recommended Mr. Dunbar remain off work due to his heart condition. On April 14, 2011, Dr. Mukkamala concluded that Mr. Dunbar had reached maximum medical improvement and was able to return to work at a light duty level.

1

The Office of Judges affirmed the claims administrator's decision, and held that Mr. Dunbar was not temporarily and totally disabled as a result of his compensable injury. Mr. Dunbar disagrees and asserts that the Board of Review was plainly wrong in closing the claim for temporary total disability benefits because Dr. Zahir knows his condition best and still intends for him to continue having physical therapy.

The Office of Judges determined that Mr. Dunbar's denial of prior back pain is inaccurate, and that there is medical evidence from Dr. Jafary to establish treatment for chronic low back pain from March 2, 2009, through December 14, 2009. The Office of Judges stated that Dr. Zahir may not have known of Mr. Dunbar's chronic back pain before the compensable injury since he did not mark on the Report of Occupational Injury that Mr. Dunbar had a history of back pain. Dr. Jafary took Mr. Dunbar off work initially for his back pain but subsequently took him off work for his heart condition. Dr. Zahir also noted that Mr. Dunbar's back pain was improving, but he was totally disabled because of his heart attacks. The Office of Judges concluded that Mr. Dunbar clearly was treated for back pain prior to the compensable injury of December 18, 2009, and therefore, the claim for temporary total disability benefits will remain closed. The Board of Review reached the same reasoned conclusions in its decision of November 28, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 4, 2013**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Brent D. Benjamin